# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **EAST SIDE PLATING, INC.,** an Oregon Corporation, <br><br> Plaintiff, <br><br> v. <br><br> **CITY OF PORTLAND**, <br><br> Defendant. | Case No. 3:18-cv-1664-YY <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on July 11, 2019. ECF 23. Magistrate Judge You recommended that the Court grant Defendant's motion to dismiss.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations,

PAGE 1 – ORDER

"the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection. ECF 25. Plaintiff argues that it could not have sought a writ of review of the Ordinance because Plaintiff did not suffer an injury until after the time to seek review had expired. Plaintiff also takes issue with Judge You's conclusion that the Ordinance did not create a property interest protected by the Due Process Clause. The Court has reviewed *de novo* those portions of Magistrate Judge You's Findings and Recommendation to which Plaintiff has objected, as well as Defendant's response. The Court agrees with Magistrate Judge You's conclusion that the Ordinance did not create a property right protected by the Due Process Clause and ADOPTS those portions of the Findings and Recommendation dismissing Plaintiff's third and fourth claim. The Court also agrees that Plaintiff's second claim for relief, "Enjoin Sale of the City Property" fails to state a claim because an injunction is a remedy, not a

cause of action. Because the Court has dismissed all of Plaintiff's federal claims, it has discretion to decline or retain supplemental jurisdiction over Plaintiff's state law claim in claim one. *See* 28 U.S.C. § 1367(c); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Plaintiff's first cause of action in claim one involves an interpretation of Oregon law. Here, having eliminated all federal-law claims at the motion to dismiss stage, the Court declines to exercise jurisdiction over Plaintiff's state law claim in claim one. Claim one is dismissed without prejudice.

For those portions of Magistrate Judge You's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court adopts in part Judge You's Findings and Recommendation. ECF 23. Defendant's Motion to Dismiss (ECF 6) is granted. Claims two, three, and four are dismissed with prejudice. Claim one is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED this 22nd day of August, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge